

JOHNSON & PHAM, LLP
Christopher D. Johnson, SBN: 222698
    E-mail: cjohnson@johnsonpham.com
Christopher Q. Pham, SBN: 206697
    E-mail: cpham@johnsonpham.com
Marcus F. Chaney, SBN: 245227
    E-mail: mchaney@johnsonpham.com
Hung Q. Pham, SBN: 276613
    E-mail: ppham@johnsonpham.com
6355 Topanga Canyon Boulevard, Suite 326
Woodland Hills, California   91367
Telephone:   (818) 888-7540
Facsimile:   (818) 888-7544



Attorneys for Plaintiff
BOSE CORPORATION

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

BOSE CORPORATION, a Delaware Corporation,

        Plaintiff,

        vs.

KERRI GAWRON, an Individual, and DOES 1-10, Inclusive,

        Defendants.

Case No. CV13-02229 DSF (PLAx)

**COMPLAINT FOR DAMAGES AND DECLARATORY RELIEF:**

(1) **FEDERAL TRADEMARK INFRINGEMENT [15 U.S.C. § 1114/***Lanham Act***§43(a)]**
(2) **FALSE DESIGNATION OF ORIGIN/UNFAIR COMPETITION/FALSE OR MISLEADING ADVERTISING [15 U.S.C. §1125(a)];**
(3) **TRADEMARK DILUTION [15 U.S.C. §1125(c)];**
(4) **UNFAIR BUSINESS PRACTICES [***CALIFORNIA BUSINESS & PROFESSIONS CODE***§17200];**
(5) **DECLARATORY RELIEF;**

- 1 -
COMPLAINT FOR DAMAGES

1                             **DEMAND FOR JURY TRIAL**

2

3      COMES NOW, Plaintiff BOSE CORPORATION, a Delaware Corporation

4 (hereinafter "Plaintiff"), hereby allege as follows:

5                                **PARTIES**

6      1.    Plaintiff is now, and was at the time of the filing of this Complaint

7 and at all intervening times, a Delaware Corporation, with its corporate

8 headquarters at The Mountain, Framingham, Massachusetts 01701, duly

9 authorized and licensed to conduct business in the State of California.

10      2.    Plaintiff alleges, on information and belief, Defendant KERRI

11 GAWRON is now, and was at the time of filing this Complaint, an individual

12 residing at Clermont, Florida.

13      3.    The true names and capacities, whether individual, corporate,

14 associate or otherwise, of Defendants herein named as DOES 1-10, inclusive, are

15 unknown to Plaintiff.  Plaintiff, therefore, sues said Defendants by such fictitious

16 names.  When the true names and capacities of said Defendants have been

17 ascertained, Plaintiff will amend this pleading accordingly.

18      4.    Plaintiff further allege that Defendant, and DOES 1-10, inclusive,

19 sued herein by fictitious names, are jointly, severally and concurrently liable and

20 responsible with the named Defendant upon the causes of action hereinafter set

21 forth and shall henceforth be referred to collectively as "Defendants."

22      5.    Plaintiff is informed and believes and thereon alleges that at all times

23 mentioned herein Defendant, and DOES 1-10, inclusive, and each of them, were

24 the agents, servants and employees of every other Defendant and the acts of each

25 Defendant, as alleged herein, were performed within the course and scope of that

26 agency, service or employment.

27 / / /

28 / / /

1

**JURISDICTION/VENUE**

2    6.    This Court has jurisdiction over the subject matter of the First and
3    Second Causes of Action (violation of the *Lanham Act*) pursuant to 15 U.S.C.
4    §1121 and/or 28 U.S.C. §§1331 and/or 1338(a).

5    7.    This Court also has specific jurisdiction since Defendant has
6    committed acts of trademark infringement and unfair competition in this district
7    and/or Defendant has sufficient minimum contacts with this district to such that
8    the exercise of jurisdiction over Defendant by this Court does not offend
9    traditional notions of fair play and substantial justice.  Among other things,
10   Defendant has advertised, offered to sell and has sold products that infringe the
11   trademarks of Plaintiff to consumers within this judicial district.  Defendant has
12   also offered to sell and actually sold counterfeit products (described more fully
13   below) using an interactive Internet website and knowing or having reason to
14   know that consumers throughout the United States, including within this judicial
15   district, would purchase said counterfeit goods from Defendant, believing that
16   they were authentic goods manufactured and distributed by Plaintiff or its
17   authorized manufacturers.

18   8.    Additionally, supplemental jurisdiction exists over Defendant
19   because, on information and belief, Defendant conducts business in California and
20   in this judicial district, and-have purposefully directed action to California and this
21   district, or have otherwise availed herself of the privileges and protections of the
22   laws of the State of California, such that this Court's assertion of jurisdiction over
23   Defendant does not offend traditional notions of fair play and due process.

24   9.    Venue is proper in this district, *inter alia*, pursuant to 28 U.S.C.
25   §1391(b) because, on information and belief, a substantial part of the events or
26   omissions giving rise to these claims occurred in this judicial district, and has
27   caused damages to Plaintiff in this district.  The counterfeit BOSE® product was
28   purchased from California, paid with funds from a financial institution in

1   California, and Defendant purposefully shipped this counterfeit product into
2   California.   Venue is also proper in this district because Plaintiff conducts
3   substantial business through its 22 factory and showcase stores throughout
4   California.

## GENERAL ALLEGATIONS

6   10.   Plaintiff was founded in 1964, by Dr. Amar G. Bose.   Through
7   extensive research and engineering, Plaintiff has developed groundbreaking audio
8   technology and innovative products, including the Wave® radio, QuietComfort®
9   noise cancelling headphones, and SoundDock® digital music system.

10   11.   Plaintiff designs, manufactures, and sells a wide array of high-
11   performance electronic audio products for consumers and professionals.  Plaintiff
12   sells its wide array of high-performance electronic audio products through its
13   authorized retail stores, authorized dealers, and website, www.bose.com.

14   12.   Plaintiff's high-performance electronic audio products include
15   professional loudspeakers, bookshelf speakers, factory-installed sound system
16   custom-designed for specific automobiles (ie. Audi, Cadillac, Chevrolet, Infiniti,
17   Maserati, and Porsche to name a few), portable home CD/FM/AM radio sound
18   systems, portable digital music systems, home theater systems, aviation headsets,
19   around-ear and over-ear noise cancelling headphones, in-ear and around-ear sport
20   headphones, and audio and-mobile headphones, including Bluetooth headsets.

21   13.   Plaintiff has built its reputation with an uncompromising
22   commitment to developing high-performance audio products that create
23   exceptional audio quality and sound.  Plaintiff has spent substantial resources and
24   effort to inform customers of the benefits of Plaintiff's products and to develop
25   consumer recognition and awareness of its trademarks in the United States and the
26   world.  Through the extensive use of the Plaintiff's Marks, including the BOSE®
27   trademark, Plaintiff has built up and developed substantial goodwill and enormous
28   recognition in their entire product line throughout the United States and the world.

1      14.     Plaintiff's products and services include providing sound systems for
2  businesses, retail environments, restaurants, places of worship, schools,
3  performance venues, providing exceptional entertainment systems for new and
4  existing homes through Lifestyle® BUILT-INvisible® dealers, and noise-
5  cancelling technology for military application.

6      15.     Indeed, Plaintiff's BOSE® name and logo are widely recognized
7  throughout the United States as a provider of high-quality audio products.

8      16.     Plaintiff is the exclusive owner of federally-registered and Common
9  law trademarks.  The following is a partial (non-exhaustive) list of the registered
10  trademarks owned by Plaintiff (the "Marks"):

11      A.     BOSE®: Registration date October 19, 2010 (Reg. No.
12  3,863,254), for batteries, communication headsets for use with communication
13  radios, intercom systems, or other communications networks transceivers;
14  headphones; headsets for cellular or mobile phones, microphone;

15      B.     QuietComfort®: Registration date February 19, 2002 (Reg. No.
16  2,539,951), for audio and video headsets;

17      C.     Acoustic Noise Cancelling®: Registration date September 16,
18  1997 (Reg. No. 2,096,548), for headsets for reducing acoustic noise;

19      D.     QC®: Registration date December 18, 2007 (Reg. No.
20  3,355,350), for headphones and headphone related accessories, namely audio
21  cables with built-in microphones and adapters to connect headphones to cell
22  phones;

23      E.     Mark consisting of the color white interwoven with the color
24  black throughout the length of cords attached to headphones, for headphones:
25  Registration date September 9, 2008 (Reg. No. 3,497,786);

26      F.     Engineered for Exercise®: Registration date of December 12,
27  2012 (Reg. No. 4,262,660), for headphones, headsets for cellular or mobile
28  phones;

1    G.    Better sound through research®: April 27, 1993 (Reg. No.:
2    1,767,324); for loudspeaker systems.

3    H.    Triport®: Registration date February 21, 2006 (Reg. No.
4    3,060,458), for headphones;

5    I.    BOSE®: Registration date October 19, 1999 (Reg. No.
6    2,288,004), for computerized on-line retail services in the field of sound
7    reproduction products;

8    J.    BOSE®: Registration date of December 8, 1992 (Reg. No.
9    1,738,278), for printed matter, namely catalogs, newsletters, and brochures;

10    K.    BOSE®: Registration date of March 29, 1994 (Reg. No.
11    1,828,700), for retail store services in the field of electronic and electro-acoustical
12    products; and

13    L.    BOSE®: Registration date September 25, 1984 (Reg. No.
14    1,297,699), for clothing.

15    Attached hereto as Exhibit "A"-"L" are true and correct copies of the
16    certificates of registration for Plaintiff's federally-registered marks mentioned
17    above (hereinafter Plaintiff's "Marks").

18    17.    Particularly in light of the success of Plaintiff's products, as well as
19    the recognized outstanding reputation it has gained, Plaintiff and its products have
20    become targets for unscrupulous individuals and entities who wish to take a "free
21    ride" on the substantial goodwill, reputation, and fame Plaintiff has spent
22    considerable money, effort, and resources to build up in its products and Marks.

23    18.    Defendant uses, amongst other things, the Internet online sales
24    website known as www.ebay.com (hereinafter "eBay") to sell and distribute
25    products, including counterfeit goods bearing Plaintiff's Marks, as described
26    previously, to consumers. At any given time, there are millions of items listed on
27    eBay for purchase by its registered users. On eBay, buyers are able to search for
28    products and purchase these products electronically.

1      19.    eBay users have the option to purchase items in an auction-styled
2   format where users may bid on particular products or items, or an eBay user may
3   employ eBay's "buy it now" program, whereby eBay users may purchase a
4   particular item at a specified "buy it now" price.

5      20.    eBay users may also implement an eBay feature referred to as
6   "Feedback," whereby an eBay user may post an online comment or "Feedback"
7   relating to a particular sale experience.  This "Feedback" may be a positive,
8   neutral, or a negative review of a specific sale experience.

9      21.    Beginning on a date that is currently unknown to Plaintiff and
10   continuing to the present, Defendant has, without the consent of Plaintiff, offered
11   to sell and sold within the United States (including within this judicial district)
12   goods that were neither made by Plaintiff nor by a manufacturer authorized by
13   Plaintiff (such goods are hereafter referred to as "Counterfeit Goods") using
14   reproductions, counterfeits, copies and/or colorable imitations of one or more of
15   the subject Marks.   On information and belief, Plaintiff further alleges that
16   Defendant imported said Counterfeit Goods into the United States, or encouraged
17   others to import said Counterfeit Goods into the United States, for the purpose of
18   reselling the Counterfeit Goods in the United States.

19      22.    Defendant maintains and operates a storefront or webpage on eBay
20   under the seller ID "kag916."  Through this eBay storefront, Defendant regularly
21   and systematically advertised, marketed, distributed and sold products bearing
22   unauthorized BOSE® registered trademarks.   As of the date of filing of this
23   Complaint, Defendant's eBay "Feedback" showed at least ten (10) online
24   comments on Defendant's sales of BOSE®-branded products.

25      23.    Plaintiff implements a monitoring software which caches a specific
26   seller ID's activities on a specific ecommerce platform.  Plaintiff's monitoring
27   software's report of Defendant's seller ID "kag916" shows Defendant has sold no
28   less than Twenty-Two (22) units of BOSE®-branded products through her eBay

1  storefront.

2      24.   Through such business activies, Defendant purposely derived
3  benefit from her interstate commerce activities by expressly targeting foreseeable
4  purchasers in the State of California.  But for Defendant's advertising, soliciting
5  and selling of counterfeit BOSE®-branded products in California, Plaintiff would
6  not have been able to make a purchase of the subject product.

7      25.   On February 24, 2013, in its ongoing investigation of counterfeit
8  sales of BOSE®-branded products, Plaintiff, from the State of California,
9  purchased a "QUIET COMFORT ACOUSTIC NOISE CANCELLING QC 15
10 HEADPHONES IN BOX 'MINT'" (Item #221192461304) from Defendant, for a
11 total cost of $193.50, postage inclusive, charged to Plaintiff's investigator's
12 PayPal electronic payment account.  A true and correct copy of the PayPal receipt
13 for Plaintiff's purchase of Defendant's "QUIET COMFORT ACOUSTIC NOISE
14 CANCELLING   QC   15   HEADPHONES   IN   BOX   'MINT'"   (Item
15 #221192461304) is attached hereto as Exhibit "M."

16     26.   The product purchased from Defendant was inspected by Plaintiff to
17 determine authenticity.  Plaintiff's inspection of the purchased item using security
18 measures  confirmed  that  the  "QUIET  COMFORT  ACOUSTIC  NOISE
19 CANCELLING   QC   15   HEADPHONES   IN   BOX   'MINT'"   (Item
20 #221192461304) Defendant sold to Plaintiff's investigator was in fact a
21 counterfeit BOSE®-branded headphone.

22     27.   Defendant willfully uses images and names identical to Plaintiff's
23 Marks to confuse consumers and aid in the promotion and sales of its
24 unauthorized and counterfeit product.  Defendant's willful use of Plaintiff's Marks
25 include importing, advertising, displaying, distributing, selling and/or offering to
26 sell unauthorized copies of Plaintiff's BOSE®-branded headphone.  Defendant's
27 use of Plaintiff's Marks began long after Plaintiff's adoption and use of its
28 trademarks, and after Plaintiff obtained the trademark registrations alleged above.

1  Neither Plaintiff nor any of its authorized agents have consented to Defendant's
2  use of Plaintiff's Marks.

3      28.    Defendant's actions have confused and deceived, or threatened to
4  confuse and deceive, the consuming public concerning the source and sponsorship
5  of the counterfeit BOSE®-branded headphone sold and distributed by Defendant.
6  By her wrongful conduct, Defendant has traded upon and diminished Plaintiff's
7  goodwill.    Furthermore, the sale and distribution of counterfeit goods by
8  Defendant has infringed upon Plaintiff's federally registered trademarks.

9      29.    Defendant's offering to sell, selling, importing and encouraging
10  others to import Counterfeit Goods in this manner was and is likely to cause
11  confusion or mistake and/or to deceive consumers who purchase the Counterfeit
12  Goods.

13      30.    Defendant also offered to sell, sold, imported, and/or encouraged
14  others to import for the purpose of resale within the United States, Counterfeit
15  Goods consisting of reproductions and/or copies of products bearing Plaintiff'
16  Marks.    Defendant's use of Plaintiff's Marks was done without Plaintiff's
17  authorization.

18      31.    Plaintiff has never authorized or consented to Defendant's use of
19  Plaintiff's BOSE® mark or other Trademarks, or any confusingly similar marks,
20  colorable imitations, or copied or derivative works by Defendant; nor has Plaintiff
21  authorized Defendant to manufacture, copy, sell, import, market, or distribute any
22  BOSE®-branded product.

23  / / /
24  / / /
25  / / /
26
27
28

# FIRST CAUSE OF ACTION

## (Trademark Infringement Against Defendant KERRI GAWRON,
## and DOES 1-10, Inclusive)

### [15 U.S.C. §1114/*Lanham Act* §43(a)]

32. Plaintiff hereby incorporates by reference each of the other allegations set forth elsewhere in this Complaint as though fully set forth in this cause of action.

33. Defendant's actions as described herein constitute direct and/or contributory trademark infringement in violation of 15 U.S.C. §1114(1)(a).

34. As a proximate result of Defendant's trademark infringement, Plaintiff has been damaged in an amount to be proven at trial. Further, Plaintiff alleges, on information and belief, that as a proximate result of Defendant's trademark infringement, Defendant has unlawfully profited in an amount to be proven at trial.

35. At all relevant times, Defendant acted intentionally and/or willfully in using Plaintiff's Marks on the Counterfeit Goods, knowing that said Marks belong to Plaintiff, that the status of the Counterfeit Goods was in fact counterfeit, and that Defendant was not authorized to use Plaintiff's Marks on the Counterfeit Goods. Plaintiff is therefore entitled to recovery of treble damages pursuant to 15 U.S.C. §1117(a). Further, Defendant's knowing, intentional and/or willful actions make this an exceptional case, entitling Plaintiff to an award of reasonable attorney fees pursuant to 15 U.S.C. §1117(a).

36. Defendant's actions also constitute the use by Defendant of one or more "counterfeit mark" as defined in 15 U.S.C. §1116(d)(1)(B). Plaintiff therefore reserves the right to elect, at any time before final judgment is entered in this case, an award of statutory damages pursuant to 15 U.S.C. §1117(c)(1) and/or (2).

/ / /

1    37.    The acts of direct and/or contributory trademark infringement
2    committed by Defendant have caused, and will continue to cause, Plaintiff
3    irreparable harm unless they are enjoined by this Court.

4                           **SECOND CAUSE OF ACTION**

5        **(False Designation of Origin, False or Misleading Advertising Against**

6              **Defendant KERRI GAWRON, and DOES 1-10, Inclusive)**

7                              **[15 U.S.C. §1125 (a)]**

8        38.    Plaintiff hereby incorporate by reference each of the other allegations
9    set forth elsewhere in this Complaint as thought fully set forth in this cause of
10   action.

11       39.    Defendant's actions as described herein constitute direct and/or
12   contributory violation of 15 U.S.C. §1125(a)(1)(A), as such actions are likely to
13   cause confusion, or to cause mistake, or to deceive as to the affiliation,
14   connection, or association of Defendant with Plaintiff and/or as to the origin,
15   sponsorship, and/or approval of such Counterfeit Goods by Plaintiff.

16       40.    As a proximate result of Defendant's violation as described herein,
17   Plaintiff has been damaged in an amount to be proven at trial.  Further, Plaintiff
18   allege on information and belief that, as a proximate result of Defendant's direct
19   and/or contributory trademark infringement, Defendant has unlawfully profited, in
20   an amount to be proven at trial.

21       41.    Defendant's acts of violating, directly and/or contributorily, Section
22   1125 have caused, and will continue to cause, Plaintiff irreparable harm unless
23   they are enjoined by this Court.

24   / / /

25   / / /

26   / / /

27

28

1

## THIRD CAUSE OF ACTION

2 **(Dilution Against Defendant KERRI GAWRON, and DOES 1-10, Inclusive)**

3 **[15 U.S.C. §1125(c)]**

4   42. Plaintiff hereby incorporates by reference each of the other
5 allegations set forth elsewhere in this Complaint as though fully set forth in this
6 cause of action.

7   43. Plaintiff's Marks are distinctive and famous within the meaning of
8 the *Lanham Act*.

9   44. Upon information and belief, Defendant's unlawful actions began
10 long after Plaintiff's Marks became famous, and Defendant acted knowingly,
11 deliberately and willfully with the intent to trade on Plaintiff's reputation and to
12 dilute Plaintiff's Marks. Defendant's conduct is willful, wanton, and egregious.

13   45. Defendant's intentional sale of fake, pirated and counterfeit items
14 bearing Plaintiff's Marks is likely to cause confusion, mistake, or to deceive,
15 mislead, betray, and defraud consumers to believe that the substandard imitations
16 are genuine products manufactured by Plaintiff. Defendant's actions complained
17 of herein have diluted and will continue to dilute Plaintiff's Marks, and are likely
18 to impair the distinctiveness, strength and value of Plaintiff's Marks, and injure
19 Plaintiff's business reputation and its Marks.

20   46. Defendant's acts have caused and will continue to cause Plaintiff
21 irreparable harm. Plaintiff has no adequate remedy at law to compensate it fully
22 for the damages that have been caused and which will continue to be caused by
23 Defendant's unlawful acts, unless they are enjoined by this Court.

24   47. As the acts alleged herein constitute a willful violation of section
25 43(c) of the *Lanham Act*, 15 U.S.C. §1125(c), Plaintiff is entitled to injunctive
26 relief as well as monetary damages and other remedies provided by 15 U.S.C.
27 §§1116, 1117, 1118, and 1125(c), including Defendant's profits, treble damages,
28 reasonable attorney's fees, costs and prejudgment interest.

1

## FOURTH CAUSE OF ACTION

2 **(Unfair Competition Against Defendant KERRI GAWRON, and DOES 1-10,**

3 **Inclusive)**

4 *California Business and Professions Code* §17200 *et seq.*

5        48.   Plaintiff hereby incorporates by reference each of the other

6 allegations set forth elsewhere in this Complaint as thought fully set forth in this

7 cause of action.

8        49.   Defendant's actions described herein constitute unlawful, unfair

9 and/or fraudulent business acts or practices. Defendant's actions thus constitute

10 "unfair competition" pursuant to *California Business and Professions Code*

11 §17200.

12        50.   As a proximate result of Defendant's actions, Plaintiff has suffered an

13 injury in fact, including without limitation, damages in an amount to be proven at

14 trial, loss of money or property, and diminution in the value of its Marks. Plaintiff

15 therefore has standing to assert this claim pursuant to *California Business and*

16 *Professions Code* §17204.

17        51.   Defendant's actions have caused, and will continue to cause Plaintiff

18 to suffer irreparable harm unless enjoined by this Court pursuant to *California*

19 *Business and Professions Code* §17203. In addition, Plaintiff requests that the

20 Court order Defendant to disgorge all profits wrongfully obtained as a result of

21 Defendant's unfair competition, and order that Defendant pay restitution to

22 Plaintiff in an amount to be proven at trial.

23 / / /

24 / / /

25 / / /

26

27

28

1

## FIFTH CAUSE OF ACTION

2

**(Declaratory Relief Against Defendant KERRI GAWRON, and DOES 1-10,**

3

**Inclusive)**

4

### [Declaratory Relief]

5      52.    Plaintiff hereby incorporates by reference each of the other

6   allegations set forth elsewhere in this Complaint as thought fully set forth in this

7   cause of action.

8      53.    Defendant's actions as described herein constitute direct and/or

9   contributory trademark infringement in violation of 15 U.S.C. §1114(1)(a); direct

10   and contributory violation of 15 U.S.C.§1125(a)(1)(A); actions of Defendant

11   complained herein have diluted and will continue to dilute Plaintiff's Marks; and

12   unlawful, unfair and/or fraudulent business acts or practices.

13      54.    Plaintiff requests judicial determination that Defendant has

14   committed the aforementioned acts; that Plaintiff has no adequate remedy at law;

15   that there is a present controversy between Plaintiff and Defendant for which a

16   declaratory judgment should be entered to determine that Defendant's conduct

17   constitutes infringement of Plaintiff's Marks pursuant to 15 U.S.C. §§1114(1)(1)

18   and 1125(a)(1)(A), that such conduct diluted and will continue to dilute Plaintiff's

19   Marks, and that such conduct by Defendant constitutes unlawful, unfair and/or

20   fraudulent business acts or practices.

21

## REQUEST FOR RELIEF

22      WHEREFORE, Plaintiff hereby respectfully requests the following relief

23   against Defendant KERRI GAWRON, and DOES 1-10, inclusive, and each of

24   them as follows:

25      1.    For an award of Defendant's profits and Plaintiff's damages in an

26         amount to be proven at trial for trademark infringement under 15

27         U.S.C. §1114(a);

28      2.    For an award of Defendant's profits and Plaintiff's damages in an

1   amount to be proven at trial for false designation of origin and unfair
2   competition under 15 U.S.C. §1125(a);

3   3.   For an award of Defendant's profits and Plaintiff's damages in an
4   amount to be proven at trial for trademark dilution under 15 U.S.C.
5   §1125(c);

6   4.   In the alternative to actual damages and Defendant's profits for the
7   infringement and counterfeiting of Plaintiff's Marks pursuant to the
8   *Lanham Act*, for statutory damages pursuant to 15 U.S.C. §1117(c),
9   which election Plaintiff will make prior to the rendering of final
10   judgment;

11   5.   For restitution in an amount to be proven at trial for unfair, fraudulent
12   and illegal business practices under *California Business and*
13   *Professions Code* §17200;

14   6.   For an injunction by this Court prohibiting Defendant from engaging
15   or continuing to engage in the unlawful, unfair, or fraudulent
16   business acts or practices described herein, including the advertising
17   and/or dealing in any counterfeit product; the unauthorized use of any
18   mark or other intellectual property right of Plaintiff; acts of
19   trademark infringement or dilution; false designation of origin; unfair
20   competition; and any other act in derogation of Plaintiff's rights;

21   7.   For an order from the Court requiring that Defendant provide
22   complete accountings and for equitable relief, including that
23   Defendant disgorge and return or pay its ill-gotten gains obtained
24   from the illegal transactions entered into and or pay restitution,
25   including the amount of monies that should have been paid if
26   Defendant complied with his/her/their/it legal obligations, or as
27   equity requires;

28   8.   For an order from the Court that an asset freeze or constructive trust

1     be imposed over all monies and profits in Defendant's possession

2     which rightfully belong to Plaintiff'; for an order from the Court

3     preventing Defendant's transferring or disposing of any money or

4     tangible assets until further order from the Court; for an order from

5     the Court such that any banks, savings and loan associations, credit

6     unions, credit card payment processors, merchant accounts, or other

7     financial institutions, shall immediately locate all accounts connects

8     to Defendant and shall be restrained and enjoined from transferring

9     or disposing of any money or other tangible assets of Defendant until

10     further order from this Court;

11     9.     For an award of exemplary or punitive damages in an amount to be

12     determined by the Court;

13     10.     For Plaintiff' reasonable attorney's fees;

14     11.     For all costs of suit;

15     12.     For such other and further relief as the Court may deem just and

16     equitable.

17     **DEMAND FOR JURY TRIAL**

18     Plaintiff BOSE CORPORATION, respectfully demands a trial by jury in

19     this action.

20     DATED: March 29, 2013 -     JOHNSON & PHAM, LLP

21

22

23     By: _____

Christopher D. Johnson, Esq.

24     Christopher Q. Pham, Esq.

Marcus F. Chaney, Esq.

25     Hung Q. Pham, Esq.

26     Attorneys for Plaintiff'

BOSE CORPORATION

27

28

# EXHIBIT A

# United States of America

### United States Patent and Trademark Office

# BOSE

Reg. No. 3,863,254

Registered Oct. 19, 2010

Int. Cl.: 9

TRADEMARK

PRINCIPAL REGISTER

BOSE CORPORATION (DELAWARE CORPORATION)
MS-40.
MOUNTAIN ROAD
FRAMINGHAM, MA 01701

FOR: BATTERIES; COMMUNICATIONS HEADSETS FOR USE WITH COMMUNICATION RADIOS, INTERCOM SYSTEMS, OR OTHER COMMUNICATIONS NETWORK TRANSCEIVERS; HEADPHONES; HEADSETS FOR CELLULAR OR MOBILE PHONES; MICROPHONES, IN CLASS 9 (U.S. CLS. 21, 23, 26, 36 AND 38).

FIRST USE 6-1-2000; IN COMMERCE 6-1-2000.

THE MARK CONSISTS OF STANDARD CHARACTERS WITHOUT CLAIM TO ANY PARTICULAR FONT, STYLE, SIZE, OR COLOR.

OWNER OF U.S. REG. NOS. 829,402, 1,727,482 AND OTHERS.

SER. NO. 77-938,552, FILED 2-18-2010.

DAWN FELDMAN, EXAMINING ATTORNEY



David J. Kappos

Director of the United States Patent and Trademark Office

# EXHIBIT B

Int. Cl.: 9

Prior U.S. Cls.: 21, 23, 26, 36 and 38

United States Patent and Trademark Office

Reg. No. 2,539,951
Registered Feb. 19, 2002

## TRADEMARK
## PRINCIPAL REGISTER

## QUIETCOMFORT

BOSE CORPORATION (DELAWARE CORPORA-
TION)
THE MOUNTAIN ROAD
FRAMINGHAM, MA 017019168

FOR: AUDIO AND VIDEO HEADSETS, IN CLASS
9 (U.S. CLS. 21, 23, 26, 36 AND 38).

FIRST USE 6-1-2000; IN COMMERCE 6-1-2000.

SER. NO. 76-191,799, FILED 12-28-2000.

DANIEL BRODY, EXAMINING ATTORNEY

# EXHIBIT C

Int. Cl.: 9

Prior U.S. Cls.: 21, 23, 26, 36 and 38

Reg. No. 2,096,548

## United States Patent and Trademark Office

Registered Sep. 16, 1997

### TRADEMARK
### PRINCIPAL REGISTER

## ACOUSTIC NOISE CANCELLING

BOSE CORPORATION (DELAWARE CORPORATION)
THE MOUNTAIN
FRAMINGHAM, MA 017019168

FOR: HEADSETS FOR REDUCING ACOUSTIC NOISE, IN CLASS 9 (U.S. CLS. 21, 23, 26, 36 AND 38).

FIRST USE 8-4-1987; IN COMMERCE 8-4-1987.
OWNER OF U.S. REG. NO. 1,520,322,
SEC. 2(F).

SER. NO. 75-034,312, FILED 12-4-1995.

ALAN ATCHISON, EXAMINING ATTORNEY

# EXHIBIT D

Int. Cl.: 9

Prior U.S. Cls.: 21, 23, 26, 36 and 38

Reg. No. 3,355,350

United States Patent and Trademark Office    Registered Dec. 18, 2007

TRADEMARK
PRINCIPAL REGISTER

QC

BOSE CORPORATION (DELAWARE CORPORA-
TION)
THE MOUNTAIN
FRAMINGHAM, MA 017019168

FOR: HEADPHONES AND HEADPHONE-RELA-
TED ACCESSORIES, NAMELY, AUDIO CABLES
WITH BUILT-IN MICROPHONES AND ADAPTERS
TO CONNECT HEADPHONES TO CELL PHONES,
IN CLASS 9 (U.S. CLS. 21, 23, 26, 36 AND 38).

FIRST USE 8-4-2005; IN COMMERCE 8-4-2005.

THE MARK CONSISTS OF STANDARD CHAR-
ACTERS WITHOUT CLAIM TO ANY PARTICULAR
FONT, STYLE, SIZE, OR COLOR.

OWNER OF U.S. REG. NO. 2,539,951.

SER. NO. 77-135,456, FILED 3-20-2007.

JACQUELINE A. LAVINE, EXAMINING ATTOR-
NEY

# EXHIBIT E

Int. Cl.: 9

Prior U.S. Cls.: 21, 23, 26, 36 and 38

United States Patent and Trademark Office

Reg. No. 3,497,786
Registered Sep. 9, 2008

TRADEMARK
PRINCIPAL REGISTER



BOSE CORPORATION (DELAWARE CORPORA-
TION)
THE MOUNTAIN
FRAMINGHAM, MA 017019168

FOR: HEADPHONES, IN CLASS 9 (U.S. CLS. 21, 23,
26, 36 AND 38).

FIRST USE 3-15-2007; IN COMMERCE 3-15-2007.

THE COLOR(S) BLACK AND WHITE IS/ARE
CLAIMED AS A FEATURE OF THE MARK.

THE MARK CONSISTS OF THE COLOR WHITE
INTERWOVEN WITH THE COLOR BLACK
THROUGHOUT THE LENGTH OF THE CORDS
ATTACHED TO HEADPHONES. NO CLAIM IS
MADE TO THE SHAPE OF THE CORDS OR THE
HEADPHONES.

SEC. 2(F).

SER. NO. 77-168,672, FILED 4-30-2007.

JACQUELINE A. LAVINE, EXAMINING ATTOR-
NEY

# EXHIBIT F

# United States of America

### United States Patent and Trademark Office

# Engineered for Exercise

**Reg. No. 4,262,660**

**Registered Dec. 18, 2012**

**Int. Cl.: 9**

**TRADEMARK**

**PRINCIPAL REGISTER**

BOSE CORPORATION (DELAWARE CORPORATION)
MS-40
MOUNTAIN ROAD
FRAMINGHAM, MA 01701

FOR: HEADPHONES; HEADSETS FOR CELLULAR OR MOBILE PHONES, IN CLASS 9 (U.S. CLS. 21, 23, 26, 36 AND 38).

FIRST USE 9-19-2012; IN COMMERCE 9-19-2012.

THE MARK CONSISTS OF STANDARD CHARACTERS WITHOUT CLAIM TO ANY PARTICULAR FONT, STYLE, SIZE, OR COLOR.

SN 85-587,539, FILED 4-3-2012.

ALLISON HOLTZ, EXAMINING ATTORNEY



David J. Kappos

Director of the United States Patent and Trademark Office

# EXHIBIT G

Int. Cl.: 9

Prior U.S. Cls.: 21 and 36

Reg. No. 1,767,324

**United States Patent and Trademark Office**    Registered Apr. 27, 1993

## TRADEMARK
## PRINCIPAL REGISTER

## BETTER SOUND THROUGH RESEARCH

BOSE CORPORATION (DELAWARE CORPO-
RATION)
THE MOUNTAIN
FRAMINGHAM, MA 017019168

FOR: LOUDSPEAKER SYSTEMS; MUSIC
SYSTEMS CONSISTING OF A LOUDSPEAKER
SYSTEM AND ONE OR MORE OF THE FOL-
LOWING: A COMPACT DISC PLAYER,

RECORD PLAYER, AUDIO TAPE PLAYER,
RADIO TUNER, AMPLIFIER AND PRE-AMPLI-
FIER , IN CLASS 9 (U.S. CLS. 21 AND 36).
FIRST USE 11-0-1991; IN COMMERCE
11-0-1991.

SER. NO. 74-311,174, FILED 9-4-1992.

CONNIE M. JUDGE, EXAMINING ATTORNEY

# EXHIBIT H

Int. Cl.: 9

Prior U.S. Cls.: 21, 23, 26, 36 and 38

United States Patent and Trademark Office

Reg. No. 3,060,458
Registered Feb. 21, 2006

TRADEMARK
PRINCIPAL REGISTER

# TRIPORT

BOSE CORPORATION (DELAWARE CORPORA-
TION)
THE MOUNTAIN
FRAMINGHAM, MA 017019168

FOR: MUSIC SYSTEM CONSISTING OF HEAD-
PHONES AND A PLAYER OF RECORDED SOUND
SIGNALS, IN CLASS 9 (U.S. CLS. 21, 23, 26, 36 AND
38).

FIRST USE 2-3-2005; IN COMMERCE 2-3-2005.

THE MARK CONSISTS OF STANDARD CHAR-
ACTERS WITHOUT CLAIM TO ANY PARTICULAR
FONT, STYLE, SIZE, OR COLOR.

OWNER OF U.S. REG. NO. 2,634,412.

SER. NO. 78-590,159, FILED 3-18-2005.

MICHAEL GAAFAR, EXAMINING ATTORNEY

# EXHIBIT I

Int. Cl.: 35

Prior U.S. Cls.: 100, 101 and 102

Reg. No. 2,288,004 ·

United States Patent and Trademark Office    Registered Oct. 19, 1999

SERVICE MARK
PRINCIPAL REGISTER

BOSE

BOSE CORPORATION (DELAWARE CORPO-
RATION)
THE MOUNTAIN
FRAMINGHAM, MA 017019168

FOR: COMPUTERIZED ON-LINE RETAIL
SERVICES IN THE FIELD OF SOUND REPRO-
DUCTION PRODUCTS, AND SHOPPING IN-
FORMATION RELATED THERETO, IN CLASS
35 (U.S. CLS. 100, 101 AND 102).

FIRST  USE  3-0-1997;  IN  COMMERCE
3-0-1997.

OWNER OF U.S. REG. NOS. 829,402, 1,830,727
AND OTHERS.

SER. NO. 75-573,700, FILED 10-20-1998,

SUSAN LESLIE DUBOIS, EXAMINING ATTOR-
NEY

# EXHIBIT J

Int. Cls.: 16 and 37

Prior U.S. Cls.: 38 and 103

**United States Patent and Trademark Office**

Reg. No. 1,738,278
Registered Dec. 8, 1992

## TRADEMARK
## SERVICE MARK
## PRINCIPAL REGISTER

# BOSE

BOSE CORPORATION (DELAWARE CORPO-
RATION)
THE MOUNTAIN
FRAMINGHAM, MA 017019168

FOR: PRINTED MATTER; NAMELY, CATA-
LOGS, NEWSLETTERS, AND BROCHURES
ALL IN THE FIELD OF ELECTRONICS AND
ELECTROACOUSTICAL EQUIPMENT, IN
CLASS 16 (U.S. CL. 38).
FIRST USE 5-0-1974; IN COMMERCE
5-0-1974.

FOR: SERVICES AND REPAIR OF ELEC-
TRONIC AND ELECTROACOUSTICAL EQUIP-
MENT, IN CLASS 37 (U.S. CL. 103).
FIRST USE 5-0-1974; IN COMMERCE
5-0-1974.
OWNER OF U.S. REG. NOS. 829,402, 991,271,
AND 1,297,699.

SER. NO. 74-145,597, FILED 3-6-1991.

W. A. CONN, EXAMINING ATTORNEY

# EXHIBIT K

Int. Cl.: 42

Prior U.S. Cl.: 101

**United States Patent and Trademark Office**

Reg. No. 1,828,700
Registered Mar. 29, 1994

## SERVICE MARK
### PRINCIPAL REGISTER

## BOSE

BOSE CORPORATION (DELAWARE CORPO-
RATION)
THE MOUNTAIN
FRAMINGHAM, MA 017019168

FOR: RETAIL STORE SERVICES IN THE
FIELD OF ELECTRONIC AND ELECTRO-
ACOUSTICAL PRODUCTS, IN CLASS 42 (U.S.
CL. 101).

FIRST USE 11-0-1984; IN COMMERCE
11-0-1984.
OWNER OF U.S. REG. NOS. 829,402, 1,738,278
AND OTHERS.

SER. NO. 74-408,123, FILED 7-1-1993.

NORA BUCHANAN WILL, EXAMINING AT-
TORNEY

# EXHIBIT L

Int. Cl.: 25

Prior U.S. Cl.: 39

United States Patent and Trademark Office

Reg. No. 1,297,699
Registered Sep. 25, 1984

TRADEMARK
Principal Register



Bose Corporation (Delaware corporation)
100 The Mountain Rd.
Framingham, Mass. 01701

For: CLOTHING—NAMELY, SHIRTS, HATS
AND JACKETS, in CLASS 25 (U.S. Cl. 39).
First use Jun. 1974; in commerce Jun. 1974.

Ser. No. 421,780, filed Apr. 15, 1983.

JANIS MALTZ, Examiner

# EXHIBIT M

Log Out | Help | Security and Protection         Search !

## PayPal

| My Account | Send Money | Request Money | Merchant Services | Products & Services |

Overview   Add Money   Withdraw   History   Statements   Resolution Center   Profile

### Transaction Details

Mobile Express Checkout Payment Sent (Unique Transaction ID #88F95977T20945447)

**Original Transaction**

| Date | Type | Status | Details | Amount |
|---|---|---|---|---|
| Feb 24, 2013 | Payment To Kerri Gewron | Completed | ... | -$193.50 USD |

**Related Transaction**

| Date | Type | Status | Details | Amount |
|---|---|---|---|---|
| Feb 24, 2013 | Add Funds from a Bank Account | Completed | Details | $193.50 USD |

**Shopping Cart Contents**

| Qty | Item | Options | Price |
|---|---|---|---|
| 1 | QUIET COMFORT ACOUSTIC NOISE CANCELLING QC15 HEADPHONES IN BOX **MINT** Item # 221192461304 | | $179.00 USD |
| | | Amount | $179.00 USD |

Item Total: $179.00 USD
Sales Tax:
Shipping: $14.50 USD
Seller discount or charges: $0.00 USD

Total amount: -$193.50 USD
Fee amount: $0.00 USD
Net amount: -$193.50 USD
Date: Feb 24, 2013
Time: 12:59:13 PST
Status: Completed

Insurance: $0.00 USD

Shipping Address: ▮▮▮▮▮▮▮▮

Calabasas, CA 91302-1502
United States
Confirmed ?

Payment To: Kerri Gewron   (The recipient of this payment is Verified)
Seller's ID: ksg916
Seller's Email: gfamof4@gmail.com

Funding Type: Instant Transfer
Funding Source: $193.50 USD - J.P. MORGAN CHASE BANK, N.A. Checking (Confirmed) x-2785
Back Up Funding Source: MasterCard Credit Card XXXX-XXXX-XXXX-4844

Tracking Number: 9405509699937518755806 ?
Carrier: USPS
Order Status: Shipped (Feb 24, 2013)

Description: Shopping Cart

Need help? If you have problems with an eBay transaction or want help settling a dispute with an eBay seller, go to the eBay Resolution Center. PayPal and eBay strongly recommend that you attempt to resolve issues directly with the seller whenever possible.

[ Return to My Account ]

Copyright © 1999-2013 PayPal. All rights reserved.

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Dale S. Fischer and the assigned discovery Magistrate Judge is Paul Abrams.

The case number on all documents filed with the Court should read as follows:

## CV13- 2229 DSF (PLAx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

==================================================

**NOTICE TO COUNSEL**

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

[X] **Western Division**
312 N. Spring St., Rm. G-8
Los Angeles, CA 90012

[ ] **Southern Division**
411 West Fourth St., Rm. 1-053
Santa Ana, CA 92701-4516

[ ] **Eastern Division**
3470 Twelfth St., Rm. 134
Riverside, CA 92501

Failure to file at the proper location will result in your documents being returned to you.

JOHNSON & PHAM, LLP
Christopher D. Johnson, Esq. (SBN: 222698)
Christopher Q. Pham, Esq. (SBN: 206697)
6355 Topanga Canyon Blvd., Suite 326
Woodland Hills, CA 91367
Tel: (818) 888-7540; Fax: (818) 888-7544

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| BOSE CORPORATION, a Delaware Corporation,<br><br>PLAINTIFF(S)<br><br>v.<br><br>KERRI GAWRON, an Individual, and DOES 1-10, Inclusive,<br><br>DEFENDANT(S). | CASE NUMBER<br><br>CV13-02229 DSF(PLAx)<br><br><br>**SUMMONS** |
|---|---|

TO:    DEFENDANT(S): KERRI GAWRON, an Individual, and DOES 1-10, Inclusive,

A lawsuit has been filed against you.

Within __21__ days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☒ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff's attorney, Christopher Q. Pham, Esq. _____, whose address is 6355 Topanga Canyon Blvd., Suite 326, Woodland Hills, CA 91367 _____. If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

MAR 2 8 2013

Dated: _____

Clerk, U.S. District Court

JULIE PRADO

By: _____
        Deputy Clerk

*(Seal of the Court)*

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States. Allowed 60 days by Rule 12(a)(3)].*

## UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
### CIVIL COVER SHEET

| I (a) PLAINTIFFS (Check box if you are representing yourself ☐) <br> BOSE CORPORATION, a Delaware Corporation. | DEFENDANTS <br> KERRI GAWRON, an Individual, and DOES 1-10, Inclusive. |
|---|---|
| (b) Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.) <br><br> JOHNSON & PHAM, LLP <br> 6355 Topanga Canyon Blvd, Suite 326, Woodland Hills, CA 91367 <br> Tel. No.: (818) 888-7540, Fax: (818) 888-7544 | Attorneys (If Known) |

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff   ☒ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant   ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☒ 1 Original Proceeding   ☐ 2 Removed from State Court   ☐ 3 Remanded from Appellate Court   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from another district (specify):   ☐ 6 Multi-District Litigation   ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT:   JURY DEMAND:** ☒ Yes  ☐ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☐ Yes ☒ No       ☐ **MONEY DEMANDED IN COMPLAINT: $** _____

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
Federal Trademark Infringement (15 U.S.C. Section 1114/Lanham Act Section 32(a)); Federal Copyright Infringement (17 U.S.C. Section 501 (a))

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 530 General | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 535 Death Penalty | |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | BANKRUPTCY | ☐ 540 Mandamus/ Other | ☐ 740 Railway Labor Act |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☐ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 490 Cable/Sat TV | | ☐ 355 Motor Vehicle Product Liability | | FORFEITURE/ PENALTY | PROPERTY RIGHTS |
| ☐ 810 Selective Service | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 360 Other Personal Injury | CIVIL RIGHTS | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 850 Securities/Commodities/ Exchange | | ☐ 362 Personal Injury- Med Malpractice | ☐ 441 Voting | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 160 Stockholders' Suits | | ☐ 442 Employment | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☒ 840 Trademark |
| | ☐ 190 Other Contract | ☐ 365 Personal Injury- Product Liability | ☐ 443 Housing/Acco- mmodations | | SOCIAL SECURITY |
| ☐ 890 Other Statutory Actions | ☐ 195 Contract Product Liability | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | ☐ 630 Liquor Laws | ☐ 861 HIA (1395ff) |
| ☐ 891 Agricultural Act | ☐ 196 Franchise | | ☐ 445 American with Disabilities - Employment | ☐ 640 R.R. & Truck | ☐ 862 Black Lung (923) |
| ☐ 892 Economic Stabilization Act | REAL PROPERTY | IMMIGRATION | | ☐ 650 Airline Regs | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 893 Environmental Matters | ☐ 210 Land Condemnation | ☐ 462 Naturalization Application | ☐ 446 American with Disabilities - Other | ☐ 660 Occupational Safety /Health | ☐ 864 SSID Title XVI |
| ☐ 894 Energy Allocation Act | ☐ 220 Foreclosure | ☐ 463 Habeas Corpus- Alien Detainee | ☐ 440 Other Civil Rights | ☐ 690 Other | ☐ 865 RSI (405(g)) |
| ☐ 895 Freedom of Info. Act | ☐ 230 Rent Lease & Ejectment | ☐ 465 Other Immigration Actions | | | FEDERAL TAX SUITS |
| ☐ 900 Appeal of Fee Determi- nation Under Equal Access to Justice | ☐ 240 Torts to Land | | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| | ☐ 245 Tort Product Liability | | | | ☐ 871 IRS-Third Party 26 USC 7609 |
| ☐ 950 Constitutionality of State Statutes | ☐ 290 All Other Real Property | | | | |

## CV13-02229

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

VIII(a).  IDENTICAL CASES: Has this action been previously filed in this court and dismissed, remanded or closed? ☑ No  ☐ Yes
If yes, list case number(s): _____

VIII(b).  RELATED CASES:  Have any cases been previously filed in this court that are related to the present case? ☑ No  ☐ Yes
If yes, list case number(s): _____

Civil cases are deemed related if a previously filed case and the present case:
(Check all boxes that apply) ☐ A.  Arise from the same or closely related transactions, happenings, or events; or
                           ☐ B.  Call for determination of the same or substantially related or similar questions of law and fact; or
                           ☐ C.  For other reasons would entail substantial duplication of labor if heard by different judges; or
                           ☐ D.  Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

IX. VENUE:  (When completing the following information, use an additional sheet if necessary.)

(a)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named plaintiff resides.
☐   Check here if the government, its agencies or employees is a named plaintiff.  If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
|  | Massachusetts |

(b)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named defendant resides.
☐   Check here if the government, its agencies or employees is a named defendant.  If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
|  | Florida |

(c)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH claim arose.
Note: In land condemnation cases, use the location of the tract of land involved.

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles, CA |  |

* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties
Note: In land condemnation cases, use the location of the tract of land involved

X. SIGNATURE OF ATTORNEY (OR PRO PER): _____   Date March 29, 2013

Notice to Counsel/Parties:  The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended.  (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |